Benjamin Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
200 Spectrum Center Drive
Suite 1650
Irvine, CA 92618
Telephone: 949.383.2997
Facsimile: 619.235.0398

Attorney for Plaintiff
Hyper Ice, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HYPER ICE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BRELVO LLC, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

1. Plaintiff Hyper Ice, Inc. ("Plaintiff" or "Hyperice") alleges as follows for this Complaint for Patent Infringement ("Complaint") against defendant BRELVO LLC ("Defendant" or "BRELVO"):

## THE PARTIES

2. Hyperice is a California corporation with its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618.

3. Defendant is a limited liability company with its principal place of business at 7850 Sunset Blvd., Suite 263, Los Angeles, CA 90046-1234.

4. Defendant sells the products at issue in this litigation, via its website and Instagram store, to consumers in this District, throughout the State of California, and throughout the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under 35 U.S.C. §§ 271 *et seq.* brought by Hyperice against Defendant for Defendant's infringement of U.S. Patent No. 11,484,263 ("the '263 Patent").

6. This Court has subject matter jurisdiction over Plaintiff's claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7. This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, Defendant's conduct of business in this District; its purposeful availment of the rights and benefits of California law; and its substantial, continuous, and systematic contacts with the State of California and this District. On information and belief, Defendant: (1) intentionally markets and sells its infringing products to residents of this State; (2) enjoys substantial income from this State; and (3) maintains its principal place of business in this State.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this District and has a regular and established place of business in this District.

## GENERAL ALLEGATIONS

9. The '263 Patent is entitled "Communication Devices, Methods, and Systems" and issued on November 1, 2022, claiming priority to Application No. 17/185,652, filed on February 25, 2021 and to, *inter alia*, Provisional Application No. 62/575,951, filed on October 23, 2017. A true and correct copy of the '263 Patent is attached hereto as Exhibit 1.

10. Matthew Robert Leaper is the named inventor of the inventions disclosed in the '263 Patent. DataFeel Inc. is the assignee of the '263 Patent, and Hyperice is an exclusive licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense, enforce, and defend the '263 Patent.

11. This action arises out of Defendant's direct infringement of the '263 Patent.

12. Defendant offers for sale and/or sells Brelvo Smart Cupping Massagers ("the '263 Accused Products"). Attached as Exhibit 2 is a claim chart for the '263 Accused Products.

13. Hyperice is informed and believes, and thereon alleges, that by no later than January 26, 2026, Defendant knew of the '263 Patent and knew, or acted with willful, intentional, and conscious disregard of the objectively high likelihood, that its conduct constitutes infringement of the '263 Patent.

## COUNT 1 – PATENT INFRINGEMENT

14. Plaintiff incorporates by reference the allegations in Paragraphs 1–13 above.

15. Defendant has infringed and continues to infringe the '263 Patent under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq*. Defendant offers for sale and/or sells the '263 Accused Products.

16. Defendant infringes at least Claim 1 of the '263 Patent. The Accused Products meet the following claim limitations. Plaintiff believes that the '263 Accused Products literally meet the following claim limitations. If any of the limitations are

not literally met, the '263 Accused Products meet the limitations under the doctrine of equivalents, because they perform the same function in substantially the same way to achieve substantially the same result, and/or because the relevant structures and functions of the infringing products are insubstantially different from the claimed limitation:

17. An apparatus comprising:

    a. an energy generator comprising a plurality of generator elements operable to output a plurality of different energy types in a signal direction toward skin and a housing positionable on or adjacent the skin to maintain a position of the plurality of generator elements relative to the skin,

    b. each generator element of the plurality of generator elements being independently operable, when the housing is positioned on or adjacent the skin, to communicate with different nerves associated with the skin by outputting a different portion of an energy signal in the signal direction toward the skin with one energy type of the plurality of different energy types,

    c. the housing being adapted to promote flows of the plurality of different energy types in directions parallel with the signal direction and limit flows of the of the plurality of different energy types in directions transverse with the signal direction.

18. Defendant's infringement of the '263 Patent has caused, and will continue to cause, significant damage to Plaintiff. As a result, Plaintiff is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284. On information and belief, a reasonable royalty for Defendant's infringement is not less than $150,000.00. Plaintiff is also entitled to recover prejudgment interest, post-judgment interest, and costs.

19. As a result of Defendant's infringement of the '263 Patent, Plaintiff has suffered irreparable harm and impairment of the value of its patent rights, and Plaintiff

will continue to suffer irreparable harm and impairment of the value of their patent rights, unless and until Defendant is permanently enjoined by this Court from infringing the '263 Patent under 35 U.S.C. §283. Plaintiff has no adequate remedy at law and are entitled to a permanent injunction against Defendant.

20. Defendant's infringement of the '263 Patent has been and continues to be willful. As noted above, Defendant has had knowledge of the '263 Patent and knew, or acted with willful, intentional, and conscious disregard of the objectively high likelihood, that its conduct constitutes infringement of the '263 Patent. Nevertheless, Defendant continues to infringe the '263 Patent—wanton, malicious, and egregious conduct that constitutes willful infringement under 35 U.S.C. §284, entitling Plaintiff to enhanced damages.

## PRAYER FOR RELIEF

WHEREFORE, Hyperice prays for the following relief:

a. That this Court enter judgment of infringement of the '263 Patent in favor of Plaintiff and against Defendant;

b. That this Court enter judgment that Defendant has willfully infringed the '263 Patent;

c. That this Court enter a permanent injunction against Defendant from infringing the '263 Patent;

d. That this Court award Plaintiff compensatory damages for infringement of the '263 Patent, as well as interest thereon;

e. That this Court award Plaintiff its costs of suit;

f. That this Court award Plaintiff increased damages in an amount not less than three times the damages assessed for Defendant's infringement of the '680 Patent and the '263 Patent, in accordance with 35 U.S.C. § 284.

g. That this Court declare this an exceptional case under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees and any other costs incurred in connection with this action;

    h.    That this Court award Plaintiff prejudgment and post-judgment interest; and

    i.    That this Court grant such further relief as the Court deems just and proper.

DATED: March 9, 2026          PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Benjamin Herbert
     Benjamin Herbert

     Attorney for Plaintiff
     Hyper Ice, Inc.

COMPLAINT FOR PATENT INFRINGEMENT

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff HYPER ICE, INC. hereby demands a trial by jury of all issues triable by jury.

DATED: March 9, 2026

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Benjamin Herbert
    Benjamin Herbert

Attorney for Plaintiff
Hyper Ice, Inc.